IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**REBEKAH FLEMING, Individually and**            **PLAINTIFFS**
**on Behalf of All Others Similarly Situated,**
**and H.R., a Minor, by REBEKAH FLEMING,**
**her Mother and Next Friend**

vs.            No. 6:20-cv-6010-RTD

**TANNERS II, INC., and SUSAN BRUNETTE**            **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiffs Rebekah Fleming, individually and on behalf of all others similarly situated, and H.R., a minor, by and through her Mother and Next Friend, Rebekah Fleming (collectively "Plaintiffs"), by and through their attorneys Blake Hoyt and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Tanners II, Inc., and Susan Brunette (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I. INTRODUCTION

1. Plaintiff Fleming, individually and on behalf of all other servers employed by Defendant, and H.R. bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated minimum as required by the FLSA and AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Hot Springs Division of the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Fleming ("Fleming") is a citizen and resident of Garland County.

8. H.R. is a citizen and resident of Garland County.

9. H.R. is a minor.

10. Fleming is H.R.'s mother.

11. Plaintiffs worked for Defendant during the three years preceding the filing of this Complaint.

12. At all times material hereto, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

13. Defendant Tanners II, Inc. ("Tanners II"), is a domestic, for-profit corporation.

14. Defendant's registered agent for service is Susan Brunette, at 2 Hortezuela Lane, Hot Springs Village, Arkansas 71909.

15. Defendant Susan Brunette ("Brunette") is a resident of Arkansas.

16. Brunette is the owner, principal, officer and/or director of Tanners II.

17. Brunette manages and controls the day-to-day operations of Tanners II, including but not limited to the decision to not pay Plaintiffs a sufficient minimum wage.

18. Defendant operates a restaurant in Hot Springs and does business as Tanner's Neighborhood Bar and Grille.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21. Defendant was Plaintiffs' employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. Plaintiffs were employed by Defendant at Defendant's restaurant in Hot Springs during the time period relevant to this lawsuit.

24. Fleming was employed by Defendant as a server from May of 2014 to December of 2019.

25. H.R. was employed by Defendant as a busser from around July of 2017 to January of 2020.

26. Plaintiffs and other servers worked as hourly, non-exempt employees at Tanners Neighborhood Bar and Grille.

27. Defendant pays its servers less than the FLSA's minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

28. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

29. Servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as closing the restaurant and rolling silverware ("non-tipped work").

30. Servers were paid around $4.00 per hour when the dining room was closed, when they were doing side work not in the dining room, and also when they were doing cut work.

31. Upon information and belief, Defendant does not distinguish between time

spent by servers on tipped work and time spent by servers on non-tipped work.

32. Non-tipped duties occupy more than twenty percent of Fleming's time and the time of other servers.

33. Defendant paid Fleming and other servers the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

34. As a result of the policies put in place by Defendant, Fleming and other servers were often required to perform non-tipped work for less than minimum wage.

35. Fleming and other servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

36. As a busser, H.R. was paid $5.00 or $6.00 per hour.

37. As a busser, H.R. did not earn tips.

38. Servers frequently shared nominal tips with H.R., but Servers were not required to do so, and even when they did, it was not enough to raise H.R.'s wages above the required minimum wage.

39. H.R.'s "tips" usually totaled around $5.00 for one 5-hour shift.

40. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other tipped servers violated the FLSA and AMWA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

42. At all relevant times, Fleming and all other similarly situated servers have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

43. Fleming brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Fleming brings her FLSA claim on behalf of all servers who were paid tips and were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. A lawful minimum wage for all hours worked;

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

45. In conformity with the requirements of FLSA Section 16(b), Fleming has filed or will soon file her written Consent to Join this lawsuit.

46. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were subject to Defendant's common policy of paying less than minimum wage;

    B. They spent more than 20% of their time performing non-tipped duties for Defendant; and

    C. They were paid hourly.

48. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

49. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

50. At all relevant times, Defendant directly hired members of the FLSA Collective to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

51. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.   FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

52. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

53. This is a collective action filed on behalf of all tipped servers employed by Defendant to recover monetary damages owed by Defendant to Fleming and members of the putative collective for unpaid wages because they were required to spend more than 20% of their time on non-tipped duties.

54. Fleming brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's

willful and intentional violation of the FLSA.

55. At all relevant times, Fleming and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

56. At all relevant times, Fleming and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

57. At all relevant times, Defendant was an "employer" of Fleming and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

58. Defendant failed to pay Fleming and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

59. Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly servers within the past three years.**

60. At all relevant times, Defendant willfully failed and refused to compensate Fleming and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendant paid Plaintiff and other similarly situated employees around $4.00 per hour for non-tipped work.

61. Defendant's violations entitle Fleming and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

62. Defendant's violations entitle Fleming and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

63. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.   SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully set forth herein.

65. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

66. At all relevant times, Plaintiffs have been "employees" of Defendant as defined by 29 U.S.C. § 203(e).

67. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

68. Defendant failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

69. At all relevant times, Defendant willfully failed and refused to compensate Plaintiffs for all hours worked at the standard minimum wage under the FLSA because Defendant paid Fleming $4.00 per hour for non-tipped work, and paid H.R. $5.00 to $6.00 per hour.

70. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

71. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

72. Plaintiffs are entitled to an award of their attorney's fees and court costs

pursuant to 29 U.S.C. § 216(b).

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of AMWA)

73.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

74.     At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

75.     At all relevant times, Plaintiffs have been "employees" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

76.     At all relevant times, Defendant was an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

77.     Defendant failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work.

78.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

80.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code

Ann. § 11-4-218.

81.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Rebekah Fleming, individually and on behalf of all others similarly situated, and H.R., by and through her Mother and Next Friend, Rebekah Fleming, respectfully requests this Court grant the following relief:

A.   That each Defendant be summoned to appear and answer herein;

B.   That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.   A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

E.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F.   Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G.   Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

H.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the class and collective;

i)   Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.   An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**REBEKAH FLEMING, Individually and on Behalf of All Others Similarly Situated, and H.R., a minor, through her Mother and Next Friend REBEKAH FLEMING, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Blake Hoyt
Blake Hoyt
Ark Bar No. 2014252
blake@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com