IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**REBEKAH FLEMING, Individually and**            **PLAINTIFFS**
**on Behalf of All Others Similarly Situated,**
**and H.R., a Minor, by REBEKAH FLEMING,**
**her Mother and Next Friend**

v.                         **6:20-cv-6010-RTD**

**TANNERS, II, INC., and SUSAN BRUNETTE**            **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT
INFORMATION AND TO SEND NOTICES**

Separate Defendants Tanners, II, Inc. and Susan Brunette, by and through their attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., and for their Brief in Support of Response to Separate Plaintiff Rebekah Fleming's Motion for Conditional Certification, For Disclosure of Contact Information and to Send Notices, state:

### I.    INTRODUCTION

Plaintiffs filed their Complaint on January 31, 2020. *See* ECF No. 2. Separate Plaintiff Rebekah Fleming (Fleming) asserts claims both individually and as a collective action pursuant to the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *Id.* at ¶ 1. Separate Plaintiff H.R., a minor, asserts her claim individually through Fleming, her mother. *Id.* Fleming alleges that she and other non-exempt servers were paid less than minimum wage and that more than twenty percent of their work involved non-tipped duties. *Id.* at ¶¶ 44; 47. Fleming has filed a Motion seeking to conditionally certify a class of all hourly-paid servers who worked for Tanner's Neighborhood Bar and Grille at any time after January 31, 2017. *See* ECF No. 13, ¶ 3. Notably, Plaintiffs were employed by only Separate Defendant Tanners II, Inc.

Plaintiffs were never employed by Separate Defendant Susan Brunette.

Separate Defendants deny many of Plaintiffs' allegations, including that Plaintiffs were employed by Separate Defendant Susan Brunette and that Plaintiffs were not paid properly under the FLSA and AMWA. However, at this initial stage, Separate Defendants do not oppose Fleming's request to conditionally certify a putative class that includes only hourly-paid servers who were employed by Separate Defendant Tanners II, Inc. at any time after January 31, 2017.

## II.   ARGUMENT

Section 216(b) of the FLSA provides that an employee may bring an action on behalf of herself and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Neither the Act nor the regulations define what "similarly situated" means. Although the Eighth Circuit has not spoken regarding the correct standard at the conditional certification stage, a majority of district courts utilize a two-step approach. *See Wheeler v. Baxter Healthcare Corp.*, 2011 WL 5402446, at *1 (E.D. Ark. Nov. 8, 2011) (collecting cases); *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, at *2 (E.D. Ark. April 17, 2013).

In the first stage or "notice stage," the plaintiff bears the burden of proof and must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Wheeler*, 2011 WL 5402446, at *1-2. After completion of discovery, the court uses a more stringent analysis to determine whether the members of the class are actually similarly situated. *Id.*[1] Although lenient, the burden at the initial stage is not "invisible." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. June 25, 2007). The power to authorize notice must be exercised with discretion and only in appropriate cases. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark.

---

[1] The Eighth Circuit has set forth the proper standard for determining "similarly situated" at the second stage. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014).

250385                              2

April 15, 2003). A plaintiff "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Wheeler*, 2011 WL 5402446, at *2. Mere averments in a complaint are not enough. *West v. Border Foods, Inc.*, Case No. 05-2525, 2006 WL 1892527, at *3 (D. Minn. July 10, 2006).

Further, courts have made clear that the responsibility to intervene in the management of this type of litigation begins when the case is filed. *Freeman*, 256 F. Supp. 2d at 945. Indeed, this Court has held that it has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Id.* (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. June 27, 1991)). "To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar." *McClendon v. Schlumburger Tech. Corp.*, 2016 WL 3911897, *2 (E.D. Ark. July 15, 2016).

1. Fleming's Request for Text Message and E-mail Notice Distribution Is Unnecessary and Invasive of Employees' Privacy.

Subject to the class definition set forth above and the necessary modifications outlined below, Separate Defendants do not oppose the issuance of the proposed Notice and Consent forms by U.S. mail, one reminder postcard, and/or physical posting. Separate Defendant Tanners II, Inc. does not require its servers to provide personal email addresses or cellular phone numbers. *See* Hasen Dec., ¶ 5. Separate Defendant Tanners II, Inc. does require contact information in personnel files but has no idea whether any phone numbers they possess are "land lines" or cellular phone lines. Although Fleming has not expressly requested permission to

250385                                         3

distribute the Notice to cellular phones by text messages, she does request permission to distribute the Notice and Consent through "electronic distribution" and for Separate Defendants to provide the cell phone numbers of potential opt-in plaintiffs. *See* ECF No. 13, ¶¶ 7-8. Accordingly, Separate Defendants assume that Fleming intends to distribute the Notice to employees' cellular phones. To that extent, Fleming's request to approve her distribution of the Notice by text messages or to employees' personal email addresses, without consent, unnecessarily invades the privacy of their property. *See Freeman*, 256 F. Supp. 2d at 945. Further, Fleming makes no statement supporting the assertion that email communication is used by Defendants for workplace communications. *See* ECF Nos. 13-14. As such, Separate Defendants oppose Fleming's request to distribute the class Notice documents by electronic text messaging or e-mail.

Second, Separate Defendant Tanners II, Inc. should be afforded fourteen (14) days to distribute the putative class contact information after receipt of this Court's forthcoming order on Fleming's Motion, which is a reasonable time to gather the Court-approved class contact information while also continuing daily business operations.

Finally, the opt-in period should be limited to 60 days, which is ample time to distribute the notices, reminder postcards after 30 days, and a physical posting. The entire putative class is entirely located within south-central Arkansas and two mailings within a 60-day period is ample time to provide a mailed notice without constituting undue delay in the class certification process. *See Jordan v. RHD, Jr., Inc.*, 2017 WL 10128906, at *5 (W.D. Ark. Feb. 17, 2017) (holding that "a 60-day opt-in period is sufficient and will better serve the interests of efficiently facilitating notice without further delaying this litigation.").

2. <u>Fleming's Proposed Notice Should Be Amended.</u>

    A.    For the reasons set forth above, Fleming's proposed Notice (ECF No. 13-1), should be modified as follows:

        i.    The "TO:" line should be amended to include a statement that the Notice is being sent to only "hourly-paid servers who were employed by Tanners II, Inc. at any time since January 31, 2017."

        ii.    The "RE:" line should be amended to state "Lawsuit Alleging Unpaid Minimum Wages Against Tanners II, Inc." Again, Fleming was never employed by Susan Brunette.

        iii.    The first paragraph of Section (3) of the Notice should be amended to state: "Plaintiff Rebekah Fleming in this case is a former hourly-paid server who worked for Separate Defendant Tanners II, Inc. Plaintiff filed a lawsuit against Defendants alleging that she was not paid minimum wage." The remainder of Section (3) is acceptable to Defendants other than the fact that a trial has been set for *the week of*—and not specifically on—March 15, 2021. *See* ECF No. 12.

        iv.    The first sentence of the second paragraph of Section (6) of the Notice should be amended to state: "It is important to understand that you *may* be entitled to recovery for unpaid wages if the Court determines that you were not paid at least minimum wage for all of the hours you worked during your employment." Fleming's proposed language is simply too vague and promising to potential class members who do not realize that no determination of liability has been made at this stage of the litigation.

    B.    Further, the Court should deny Fleming's request to distribute her second proposed "Consent to Join Collective Action" (ECF No. 13-4) because it targets employees who

were employed as massage therapists for Tanner's Neighborhood Bar & Grille. Not only do massage therapists clearly fall outside of Fleming's proposed class, Separate Defendant Tanners II, Inc. has never had a position for massage therapists. Accordingly, the Court should deny Fleming's request to distribute her second proposed Consent to Join Collective Action (ECF No. 13-4).

### III.  CONCLUSION

In light of the foregoing, Separate Defendants respectfully request that the Court grant, in part, and deny, in part, Plaintiff's Motion for Conditional Certification, provide notices to the class members defined herein and in the manner set forth herein, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Missy McJunkins Duke (#99167)
Nicholas C. R. Williams (#2018194)
**CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: 501-371-9999 / Fax: 501-371-0035
E-mail: mduke@cgwg.com
E-mail: nwilliams@cgwg.com

**ATTORNEYS FOR DEFENDANTS**