IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REBEKAH FLEMING, Individually and                                                   PLAINTIFFS
on Behalf of All Others Similarly Situated,
and H.R., a Minor, by REBEKAH FLEMING,
her Mother and Next Friend

vs.                         Case No. 6:20-cv-6010-RTD

TANNERS, II, INC., and SUSAN BRUNETTE                                               DEFENDANTS

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS**

Plaintiffs Rebekah Fleming and H.R., a Minor, by Rebekah Fleming, her Mother and Next Friend, Both Individually and on Behalf of All Others Similarly Situated (collectively, Plaintiffs), and Defendants Tanners, II, Inc. and Susan Brunette (collectively, Defendants), by and through their undersigned counsel, jointly submit the following Motion to Dismiss with Prejudice and For Approval of Settlement Agreement:

1. Plaintiffs initiated this action on January 31, 2020. *See* ECF No. 1. Plaintiffs' Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq., and was filed as a collective action. *See* ECF No. 1. Plaintiffs alleged that Defendants failed to pay Plaintiffs and all others similarly situated in accordance with the requirements of the FLSA and AMWA. *Id.*

2. Defendants dispute that Plaintiffs or others were not compensated for all hours worked, thereby creating a bona fide dispute as to wages owed. Defendant specifically disputes that Plaintiffs' non-tipped duties occupied more than twenty percent (20%) of Plaintiffs' time

and/or that Plaintiffs were not paid at or above the minimum wage required by the FLSA and AMWA.

3. On June 11, 2020, Separate Plaintiff Rebekah Fleming filed a Motion for Conditional Certification in this matter, which was granted. *See* ECF Nos. 13–14, 20. Notices were issued pursuant to the Court Order granting Conditional Certification, and 6 individuals filed consents to join the lawsuit (Opt-In Plaintiffs), in addition to Plaintiffs Rebekah Fleming and H.R.

4. Following extensive negotiations between counsel, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) for Plaintiffs resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the

> compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the disclosure of time and pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiffs have specifically considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. Plaintiffs' counsel compiled a spreadsheet which set forth Plaintiffs' maximum damages, assuming Plaintiffs' allegations in the Complaint are true, as well as their representations to counsel about the nature of their work. The spreadsheet takes into account each Plaintiff's dates of employment, hourly rates, pay received, and the then-current Arkansas minimum wage. Each Plaintiff's damages based on this data, with the exception of Plaintiff H.R., were then multiplied by 40% to account for the amount of time that Plaintiffs would have claimed was spent in

3

performing "non-tipped" work. Plaintiff H.R.'s damages were not adjusted this way because she worked for Defendant as a busser and it was Plaintiffs' position that she was owed full damages for any difference between what she was paid and the applicable minimum wage. Under the terms of the Settlement Agreement, Plaintiffs are receiving 100% of their alleged lost wage damages using these metrics. Plaintiffs' allocated settlement amounts are reasonable given Defendants' position that Plaintiffs other than H.R. spent less than 20% of their time performing "non-tipped" work, which, if proven, would have negated Plaintiffs' entitlement to minimum wage damages. With regard to Plaintiff H.R., there were factual disputes as to how many hours she actually worked as well as what amount she was paid weekly by Defendants.

9.   The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached an amicable resolution as to all Plaintiffs' claims. The attorneys' fees agreed upon by the parties were negotiated at arms' length, separately, and only after an agreement as to Plaintiffs' liability damages was reached. Further, the attorneys' fees had no effect on the amount each Plaintiff received. Accordingly, the parties do not seek approval of this portion of their agreement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees."). Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

10.     Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully Submitted,

Josh Sanford (ABA No. 2001037)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, AR   72211
josh@sanfordlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

and

Missy McJunkins Duke (ABA No. 99167)
Alexander D. Clark (ABA No. 2017112)
**CROSS, GUNTER, WITHERSPOON
   & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
mduke@cgwg.com
aclark@cgwg.com
**ATTORNEYS FOR DEFENDANTS**