IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**REBEKAH FLEMING, Individually and**                                **PLAINTIFFS**
**on Behalf of All Other Similarly Situated,**
**and H.R., a Minor, by REBEKAH FLEMING,**
**her Mother and Next Friend**

vs.                          Case No. 6:20-cv-6010-RTD

**TANNERS, II, INC., and SUSAN BRUNETTE**                           **DEFENDANTS**

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (Agreement) is made and entered into by and between Plaintiffs Rebekah Fleming and H.R. and opt-in Plaintiffs Natosha Isom, Stacy Francis, Marcia Christman, Ann Dalton, Sabrina Conklin, and Kelly Applegate (collectively, Plaintiffs), which includes their heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants Tanners, II, Inc. (Tanners), and Susan Brunette (collectively, Defendants) (individually, the Party and collectively, the Parties).

### I.  STATEMENTS OF FACT

The Parties acknowledge that:

It is the desire of the Parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Employees' employment with Defendants.

Moreover, the Parties desire to resolve any and all claims that Plaintiffs have brought against Defendants as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation.

The Parties have exchanged information relating to Plaintiffs' claims and Defendants' defenses, including time and pay records for all similarly situated employees.

Plaintiffs acknowledge that they have had adequate and legally sufficient time to review this Agreement with their legal counsel and that they understand the rights that have been waived by this Agreement.

**EXHIBIT A**

Plaintiffs further represent and warrant that they freely negotiated the terms of this Agreement and enter into it and execute it voluntarily. Plaintiffs understand that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown against Defendants, that relate in any way to their alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendants, up to and including the date of the execution of this Agreement.

Other than this lawsuit, Plaintiffs represent that they have not filed any lawsuits, administrative complaints, grievances or made any other charges, either in their own names or on behalf of any other person or entity, against Defendants, in any local, state, or federal court or with any local, state, federal, or administrative agency or union. Plaintiffs acknowledge that all claims released by this Agreement, including, but not limited to, those alleged in this lawsuit, shall be fully and finally extinguished by virtue of this Agreement.

Plaintiffs acknowledge and agree that in exchange for entering into this Agreement, they are receiving consideration, i.e., payments described below, which is something that they are not otherwise entitled to receive.

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## II.   DEFINITIONS

A.   **"Plaintiffs' Counsel"** means SANFORD LAW FIRM, PLLC.

B.   **"Released Persons"** means Defendants as well as any assigns, including current and former officers, agents, Board Members, shareholders, directors, owners, employees, attorneys, accountants, insurers, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, and any parent, subsidiary, affiliated, and/or related entities.

## III.   AGREEMENT

A.   **Payments.**

1.   Defendants agree to pay to Plaintiff Rebekah Fleming the gross amount of Two Thousand Four Hundred Sixty-Nine Dollars and 19/100 ($2,469.19). This payment will be comprised of One Thousand Two Hundred Thirty-Four Dollars and 60/100 ($1,234.60) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of One Thousand Two Hundred Thirty-Four Dollars and 59/100 ($1,234.59) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

2.   Defendants agree to pay to Plaintiff H.R., through Plaintiff Rebekah Fleming, the gross amount of Two Thousand Two Hundred Fourteen Dollars and 6/100 ($2,214.06). This payment will be comprised of One Thousand One Hundred Seven Dollars and 3/100 ($1,107.03)

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of One Thousand One Hundred Seven Dollars and 3/100 ($1,107.03) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      3.      Defendants agree to pay to opt-in Plaintiff Natosha Isom the gross amount of Fifty Dollars and 0/100 ($50.00). This payment will be comprised of Twenty-Five Dollars and 0/100 ($25.00) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2021 IRS Form W-2, and a second payment of Twenty-Five Dollars and 0/100 ($25.00) as payment for non-wages, reportable on a 2020 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      4.      Defendants agree to pay to opt-in Plaintiff Stacy Francis the gross amount of Seven Hundred Thirty-Three Dollars and 80/100 ($733.80). This payment will be comprised of Three Hundred Sixty-Six Dollars and 90/100 ($366.90) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of Three Hundred Sixty-Six Dollars and 90/100 ($366.90) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      5.      Defendants agree to pay to opt-in Plaintiff Marcia Christman the gross amount of One Thousand Three Hundred Fifty-Five Dollars and 47/100 ($1,355.47). This payment will be comprised of Six Hundred Seventy-Seven Dollars and 74/100 ($677.74) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of Six Hundred Seventy-Seven Dollars and 73/100 ($677.73) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      6.      Defendants agree to pay to opt-in Plaintiff Ann Dalton the gross amount of Nine Hundred Thirty-Seven Dollars and 16/100 ($937.16). This payment will be comprised of Four Hundred Sixty-Eight Dollars and 58/100 ($468.58) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of Four Hundred Sixty-Eight Dollars and 58/100 ($468.58) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      7.      Defendants agree to pay to opt-in Plaintiff Sabrina Conklin the gross amount of One Hundred Forty-Four Dollars and 66/100 ($144.66). This payment will be comprised of Seventy-Two Dollars and 33/100 ($72.33) as alleged wages owed less all applicable withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of Seventy-Two Dollars and 33/100 ($72.33) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

      8.      Defendants agree to pay to opt-in Plaintiff Kelly Applegate the gross amount of Three Hundred Fifty-Two Dollars and 56/100 ($352.56). This payment will be comprised of One Hundred Seventy-Six Dollars and 28/100 ($176.28) as alleged wages owed less all applicable

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

withholdings and deductions, reportable on a 2020 IRS Form W-2, and a second payment of One Hundred Seventy-Six Dollars and 28/100 ($176.28) as payment for non-wages, reportable on a 2021 IRS Form 1099. Defendants will issue a 2021 IRS Form W-2 and 1099 for these payments, respectively.

9. Opt-in Plaintiffs Natosha Isom, Stacy Francis, Marcia Christman, Ann Dalton, Sabrina Conklin, and Kelly Applegate (collectively, Opt-in Plaintiffs) specifically acknowledge and agree that they were paid more than what they are entitled for any purported back wages and liquidated damages allegedly owed. The Opt-in Plaintiffs agree that twenty-five percent (25%) of the amounts paid to them under this Agreement, Section A(3) through Section A(8), shall be additional and separate consideration for the general release provided by Opt-in Plaintiffs, as contemplated in this Agreement, Section D.

10. Defendants will issue one check to Plaintiffs' Counsel, Sanford Law Firm, PLLC, in the amount of Sixteen Thousand Two Hundred Dollars and 0/100 ($16,200.00) for attorneys' fees and costs. The Parties acknowledge and agree that this amount was negotiated separate and apart from the Plaintiffs' portion of the settlement and did not reduce the amount available to Plaintiffs. Plaintiffs' Counsel will provide Defendants a FORM W-9. Defendants agree that the agreed upon fees and costs are reasonable.

11. Each of the foregoing checks will be delivered by Defendants to Plaintiffs' Counsel, Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, no later than thirty (30) days from the later of the Court's approval of this Agreement or the Parties' execution of this Agreement.

**B.** **Lost or Misdirected Payments.** Plaintiffs shall have 150 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Defendant, through counsel, within 150 days of the date of payment and Defendant will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of re-issuance to negotiate the replacement check.

**C.** **Dismissal of All Claims with Prejudice.** Upon approval by this Court, the claims of the Plaintiffs set forth in the Complaint filed in this civil action, will be dismissed by the Court with prejudice. Plaintiffs represent and warrant that, other than this lawsuit, they have no other lawsuits, charges, administrative complaints or proceedings, grievances, or other claims of any nature pending against Defendants in any state or federal court or before any agency or other administrative body. Plaintiffs represent and warrant that they have not assigned to a third party any of their current or potential claims against Defendants.

**D.** **Release of Claims by Plaintiffs.** In exchange for Defendants' payment of the valuable and sufficient consideration outlined in Section III.A above, the sufficiency of which is hereby acknowledged, Plaintiffs fully, finally, and forever release and discharge Defendants from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Plaintiffs have, had, or may have had that relate in any way to their alleged employment with, contracted work with, separation from, complaints about, and compensation and benefits due from, Defendants.  This Release is made on behalf of Plaintiffs, their respective dependents, heirs, executors, administrators, and agents including any successors and assigns.

Plaintiffs specifically release any and all claims of any kind whatsoever that they have, had, or may have had against Defendants as of the date of their execution of this Agreement under the following:

(1) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);
(2) the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621, *et seq.*);
(3) the Civil Rights Acts of 1866, 1871, 1964 and 1991;
(4) the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et seq.*);
(5) the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*);
(6) the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);
(7) the Genetic Information Nondiscrimination Act of 2008, (42 U.S.C. § 2000ff, *et seq.*).;
(8) the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);
(9) the Arkansas Civil Rights Act, as amended (Ark. Code Ann. §16-123-101, *et seq.*);
(10) the Uniform Contribution Among Tortfeasors Act, as amended (Ark. Code Ann. § 16-61-201, *et seq.*);
(11) the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 et seq.);
(12) the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651, *et seq.*) or any applicable state safety and health statutes, regulations, or common law;
(13) the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);
(14) the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);
(15) the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);
(16) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and
(17) any and all other relevant federal, state, and local laws, unjust enrichment/quantum meruit, workers' compensation laws, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Plaintiffs understand and agree that, even if they should eventually suffer additional damages arising out of the matters released by this Agreement, they will not be able to make any claims for those damages against Defendants; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

shall preclude Plaintiffs from filing with or participating in any manner in any investigation, hearing, or proceeding conducted by the Arkansas and United States Departments of Labor and/or Equal Employment Opportunity Commission. However, Plaintiffs represent and warrant that they have received all wages and/or compensation due to them arising out of or related to their employment with Defendants. Plaintiffs hereby waive any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the effective date of this Agreement. Nothing in this Agreement shall preclude Plaintiffs from exercising their rights under COBRA, although any such exercise will be solely at their own expense.

      E.    **No Admission of Liability; Inadmissibility of Agreement.**  This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons.  In fact, Defendants specifically disclaim improper wage payments, or any liability and wrongdoing.  Defendants affirmatively state that they have fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

      F.    **Approval Process.**  The Parties shall file a joint motion for approval of this Agreement within 14 days of complete execution of this Agreement, in a form to be agreed upon by the Parties' Counsel.  If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court.

      G.    **Knowing and Voluntarily Waiver; Covenant Not to Sue.**  Plaintiffs acknowledge and agree that they have had sufficient time to consider this Agreement and to consult with legal counsel of their choosing considering its meaning and significance.  When entering into this Agreement, Plaintiffs have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement. Defendants have no responsibility with respect to any inquiries from Plaintiffs about this Agreement and the settlement described in it. Plaintiffs further represent that they will not bring any action in the future against Defendants in which Plaintiffs seeks to recover any damages from Defendants arising from claims released in this Agreement.

      H.    **Non-Disclosure.**  Plaintiffs represent that they agree to not voluntarily disclose the contents and terms of this Agreement or the facts and allegations upon which it was based, including the consideration for this Agreement, unless otherwise mandated by law or legal process, except that Plaintiffs may disclose such terms and allegations to their respective spouse, attorneys, accountants, and tax preparers.  Plaintiffs agree that, if asked, they should merely state that the matter has been resolved.  If an action is instituted to enforce the terms of this Agreement, disclosure of this Agreement will not constitute a breach of this provision.

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**I.     No Future Employment.** In further exchange for the consideration provided by Defendants, Plaintiffs agree to waive and relinquish any claim to any future employment, right of reinstatement, or future consideration for employment with Tanners or any entity owned in whole or part by Susan Brunette. Moreover, Plaintiffs agree to never reapply for any position with Tanners or take any assignment to work as a temporary employee of Tanners or any entity owned in whole or part by Susan Brunette. Plaintiffs acknowledge that they are not entitled to any future employment with Tanners, Susan Brunette, any entity owned in whole or part by Susan Brunette, or any related entities in any capacity and, if they are inadvertently hired in any such capacity, Defendants may immediately terminate that employment without cause and without liability.

**J.     Neutral References.** Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Defendants, Defendants shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary and last position or title. If asked if a Plaintiff is eligible for rehire, Defendants shall state that it is Defendants' policy to refrain from providing that information.

**K.     Choice of Law and Venue.** This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas. Any action to enforce any part of this Agreement shall be brought in the federal courts located in Garland County, Arkansas.

**L.     Waiver.** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**M.     Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

**N.     Cooperation Clause.** The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**O.     Entire Agreement.** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

**P.     Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

  **Q.** **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

  **R.** **Remedy for Breach.** If any Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court, Western District of Arkansas, Hot Springs Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including reasonable legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

  **S.** **Signatures.** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all Parties for their records.

  **T.** **Construction.** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

  This Agreement becomes effective as to each Party on the date that each Party executes it.

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**DEFENDANT TANNERS, II, INC.:**

By: _____
Susan Brunette, on behalf of Tanners, II, Inc.

8/26/21
Date

**DEFENDANT SUSAN BRUNETTE:**

_____
Susan Brunette

8/26/21
Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF REBEKAH FLEMING:**

_Rebekah Fleming_ 06 / 21 / 2021

Rebekah Fleming                Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF H.R.:**
**By: PARENT AND/OR LEGAL GUARDIAN REBEKAH FLEMING**

*Rebekah Fleming*  06 / 21 / 2021
Rebekah Fleming  Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF NATOSHA ISOM:**

*Natasha C Isom*  
Natosha Isom

07 / 25 / 2021  
Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF STACY FRANCIS:**

_____          06 / 16 / 2021
Stacy Francis                                                              Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF MARCIA CHRISTMAN:**

_Marcia L. Christman_  
Marcia Christman

06 / 17 / 2021
Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF ANN DALTON:**

_____*Ann Dalton*_____   06 / 17 / 2021
Ann Dalton                         Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF SABRINA CONKLIN:**

_____                             08 / 25 / 2021
Sabrina Conklin                                               Date

*{Remainder of page intentionally left blank; signature page to follow}*

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad

**PLAINTIFF KELLY APPLEGATE:**

_____  
Kelly Applegate

08 / 02 / 2021  
_____  
Date

Doc ID: 43e4b068394b19596586e6a32b4c73caffbc05ad